SPIERS *v.* STATE

No. 40314          January 7, 1957          91 So. 2d 844

*Cornelius J. Ladner,* Bay St. Louis, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

ROBERDS, P. J.

Spiers, the appellant, was convicted of burglary and larceny. On this appeal he raises a number of questions.

■■ He says the testimony was insufficient to support the verdict of guilty, and that his request for a peremptory instruction should have been granted. His principal contention is that the main witness against him was an accomplice, and the jurors should have rejected his testimony. It is well-settled in this State that (1) testimony of an accomplice should be, and it is, weighed with caution; ■■■ (2) that in cases where the testimony of the accomplice is not corroborated, is contradictory, unbelievable, and is impeached by unimpeached witnesses, a verdict resting alone on that testimony should not be

permitted to stand; ■■■ (3) but, except under the conditions just mentioned, there is no rule of law, or reason, which prohibits a jury conviction resting alone upon the uncorroborated testimony of an accomplice. The authorities announcing these propositions are to be found in 5 Miss. Digest and Supplement, Section 508 (9) and 510, under heading ''Criminal Law.''

■■■ The accomplice in this case was Glennis Ladner. He was jointly indicted with appellant. He plead guilty and was serving a term in the penitentiary when he testified in this case. He testified he was an eye-witness to, and a participant in, the crime. He explained that appellant broke into the house and took therefrom much personal property; that he, the witness, assisted in the carrying away of this personal property. He said, referring to appellant, ''He is the man that toted every piece out and I was sitting in my car and loaded it while he unloaded it or packed it.'' In other words, the testimony of this witness showed the accused guilty of every element of the crime charged. The credibility of Ladner was not attacked except whatever inference might be drawn from the fact that he participated in the crime. In addition to this, another witness for the State, unimpeached so far as this record discloses, testified he was an eye-witness to the burglary of the building by appellant, and that appellant asked him to help in the larceny of the personal property from that building, which he refused to do. Other witnesses for the State testified to facts incriminating appellant as the instigator of, and participant in, the crime with which he is charged. The proof was ample to sustain the verdict of guilty.

■■ ■ Appellant was previously tried for this crime and there was a hung jury. He testified at that trial and also took the stand on this trial. The State undertook to contradict certain parts of his testimony on the present trial by having the reporter read to him certain questions and answers taken down by the reporter at the

former trial. When this inquiry had been completed, counsel for Spiers made this motion: "If the court please, I want to make a motion that the testimony of Mrs. Toole be stricken from the record." Mrs. Toole had been the reporter at the former trial and was also the reporter at the present trial. The court sustained the motion, saying: "I think I am going to sustain that motion because we don't have another reporter here to take it down by shorthand, which is required, although we do have the recorder, and for the further reason that it is not exactly clear that the record contradicts the witness. Sometimes things are said and the question is not understood. All things considered, I think it best that we do not have the testimony of the reporter of the former trial. I will sustain you motion." Counsel for Spiers then said: "If the court please, I would like for the jury to know what it means when you say that, because they might not quite understand." The trial judge then remarked: "I think the jury understands that I have just excluded that testimony."

We are unable to see that this ruling constitutes error or that Spiers was in any manner prejudiced thereby. The reporter was testifying and there was no other reporter present to take down her testimony. The learned trial judge mentioned that predicament. We cannot see how harm could have resulted to Spiers from that observation. The other reason given by the trial judge was that he was not sure the testimony being elicited by the State, given by Spiers on the former trial, contradicted the testimony Spiers gave at the present trial. The very purpose of the State in offering the former testimony was to try to contradict the present testimony by Spiers. This was an effort to impeach Spiers. The doubt expressed by the trial judge that there was a contradiction, thereby rendering the testimony incompetent for the purpose intended by the State, was cer-

tainly favorable to the defendant. He is in no position to complain about that.

■■ Appellant next says that the district attorney, in his argument, told the jurors they would be doing the defendant a favor and service by sending him to the penitentiary. We do not try to evaluate these remarks for the reasons no bill of exception was made, the remarks do not appear of record, and we, therefore, do not know what they were, and there was no motion for mistrial.

■■ The court granted the State the following instruction: "The Court instructs the jury for the state that if you believe from the evidence beyond a reasonable doubt that the defendant, E. J. Spiers, acting separately or jointly with another, on the time and date charged and testified about in Hancock County, Mississippi did wilfully, unlawfully, feloniously and burglariously break and enter a dwelling house of the property of Clyde A. Brooke with the felonious intent then and there to unlawfully, wilfully, feloniously and burglariously to take, steal and carry away one Bar-O-Brook window fan of the value of Thirty-five dollars, one Deerborn heater, tan metal cabinet model, of the value of Forty Dollars, one Coleman 2-burner gasoline camp stove of the value of Twelve Dollars, one fishing tackle box with miscellaneous tackle of the value of Nine Dollars, or any part thereof of the value of Twenty-five Dollars or more, and if you further believe from the evidence beyond a reasonable doubt that the defendant, acting separately or jointly with another, did wilfully unlawfully and feloniously take, steal and carry away the aforementioned personal property of Clyde A. Brooke, or any part thereof of the value of Twenty-five Dollars or more, then it would be your sworn duty to find the defendant guilty as charged and your verdict should be written on a separate piece of paper and may be in the following form: 'We, the jury, find the defendant guilty as charged.' "

Appellant says this instruction assumed that the articles of personal property were of the value mentioned in the indictment; that it took away from the jury the function of determining such values. We do not agree with that contention. The opening clause of the instruction submits to the jury for its finding, beyond a reasonable doubt, from the evidence, the burglarious breaking into the house, the taking of certain articles and their respective values. The condition that the jurors must find these things to be facts, beyond a reasonable doubt from the evidence, applies to the subsequent elements of the crime set out in the instruction, including the values of the articles of personal property. Allgood v. State, 173 Miss. 27, 161 So. 756; Alexander's Miss. Jury Instructions, Section 1335.

The State was granted two instructions, neither of which bears a number. Appellant contends that the failure to number the instructions renders them void. There is no statute, or required procedure, so far as we know, rendering an instruction void and ineffective because of failure to number it. Section 1530, Miss. Code 1942, places the duty on the clerk to mark upon instructions either "given" or "refused", as the fact may be, which instructions, so marked, shall become a part of the record on appeal, without necessity of a bill of exceptions. No question is raised that the instructions were not, in fact, instructions granted the State and used by it before the jury.

Appellant requested, but was refused, an instruction telling the jurors that to constitute the offense charged "* * * the goods must have been taken wrongfully with the intent to convert it to the defendant's own use and make it his property or to deprive the owner of it." Appellant says such refusal was reversible error. Instruction No.2, granted defendant, embodied the same rules and legal principles and requirements for guilt as the refused instruction. It was not error to refuse to

grant another instruction announcing the same principles.

■ ■ The verdict of the jury, as copied into the record, does not show such verdict to have been marked "filed" by the clerk. Appellant says that for that reason the record contains no legal verdict. The judgment of the trial court recites and adjudicates that the jury returned this verdict: "We the jury find the defendant guilty as charged." This sufficiently authenticates the verdict. The correctness, or form of the judgment, is not attacked.

Affirmed.

*Hall, Kyle, Holmes* and *Gillespie*, JJ., concur.